ARTHUR CUNNINGHAM, SBN 97506
E-Mail: Arthur.Cunningham@lewisbrisbois.com
James C. Packer, SBN 77675
James.Packer@LewisBrisbois.Com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
(909) 387-1130 - Phone
(909) 387-1138 - Fax

CHRISTOPHER D. LOCKWOOD, SBN 110853
E-Mail: christopher.lockwood@ariaslockwood.com
ARIAS & LOCKWOOD, ATTORNEYS AT LAW
1881 S. Business Center Drive, Suite 9A
San Bernardino, California 92408
(909) 890-0125 - Phone
(909) 890-0185 - Fax

Attorneys for defendants County of Riverside, Sheriff Stanley Sniff, Gerry Gutierrez, David Kondrit, Sgt. Magana, Kevin Caverley, Corporal A. Belton, Deputy D. Cloyd, Deputy Robert LaCrue

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA SEPULVEDA, individually and as Successor-in-Interest to the Estate of Pedro Sepulveda (Deceased); RAFAEL SEPULVEDA, individually and as Successor-in-Interest to the Estate of Pedro Sepulveda,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; STANLEY SNIFF, Sheriff of Riverside County; JERRY GUTIERREZ, Corrections Assistant Sheriff; DAVID KONDRIT, Captain; SERGEANT MAGANA, Correctional Sergeant; KEVIN CAVERLEY, Deputy; CORPORAL A. BELTON, Correction Corporal; D. CLOYD, Deputy; ROBERT LACRUE, Deputy; STEVEN SANTOS, Nurse; MIKE SWADNEY, nurse; DAMIEN MIRANDA; and DOES 1-100,<br><br>Defendants. | CASE NO.: 5:18-cv-00230 MWF (KKx)<br><br>ANSWER TO FIRST AMENDED COMPLAINT<br><br>DEMAND FOR TRIAL BY JURY |

1

Defendants County of Riverside, Sheriff Stanley Sniff, Gerry Gutierrez, David Kondrit, Sgt. Magana, Kevin Caverley, Corporal A. Belton, Deputy D. Cloyd, and Deputy Robert LaCrue answer the first amended complaint as follows:

*Preliminary statement*

1. It is admitted that decedent is dead. The remaining allegations are denied.

*Jurisdiction*

2. Federal jurisdiction is admitted. It is denied that there was any wrongful death or other wrongful conduct.

*Venue*

3. Venue is admitted. It is denied that there was any wrongful conduct.

*Claims requirement*

4. It is admitted that plaintiffs filed a claim for damages.

*Successor in interest affidavit filed*

5. It is admitted that a successor in interest affidavit was filed, though it is denied it was filed concurrently with the first amended complaint.

6. It is admitted that a successor in interest affidavit was filed, though it is denied it was filed concurrently with the first amended complaint.

7. The allegations are denied for lack of information and belief.

*Parties*

8. The allegations are denied for lack of information and belief.

9. The allegations are denied for lack of information and belief.

10. The allegations are denied for lack of information and belief.

11. This paragraph largely makes legal contentions. It is admitted that the County of Riverside is a county, and is admitted that one department of the County of Riverside is the Sheriff's Department. It is admitted that the Sheriff's Department administers the Larry D. Smith Correctional Center, and that it has policies and practices to do so. The remaining allegations are denied.

1   12. This paragraph largely makes legal contentions. It is admitted that Sheriff Sniff is the Sheriff for the County of Riverside and that duties of a sheriff include jails. The remaining allegations are denied.

13. It is admitted that Jerry Gutierrez is an Assistant Sheriff for the County of Riverside and in that role assists Sheriff Sniff in supervising the Corrections Division of the Sheriff's Department for the County of Riverside. The remaining allegations are denied.

14. This paragraph largely makes legal contentions. It is admitted that David Kondrit was the captain for the Larry D. Smith Correctional Center. The remaining allegations are denied.

15. This paragraph largely makes legal contentions. It is admitted that Sgt. Magana was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

16. This paragraph largely makes legal contentions. It is admitted that Deputy Kevin Caverley was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

17. This paragraph largely makes legal contentions. It is admitted that Corporal A. Belton was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

18. This paragraph largely makes legal contentions. It is admitted that Deputy D. Cloyd was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

19. This paragraph largely makes legal contentions. It is admitted that Deputy Robert LaCrue was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

20. This paragraph largely makes legal contentions. It is admitted that Steven Santos was an employee of the County of Riverside. The remaining allegations are denied.

21. This paragraph largely makes legal contentions. It is admitted that Mike Zwadney was an employee of the County of Riverside. The remaining allegations are denied.

22. It is admitted that Damien Miranda was an inmate at the Larry D. Smith Correctional Center. Allegations about his residence outside of jail are denied for lack of information and belief.

23. Allegations about unidentified people are denied for lack of information and belief.

24. Allegations about unidentified people are denied for lack of information and belief.

25. Allegations about unidentified people are denied for lack of information and belief.

*Statement of facts*

26. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

27. The allegations are admitted.

28. The allegations are denied.

29. It is admitted that following an exchange of punches, decedent fell to the floor. The remaining allegations are denied.

30. The allegations are denied.

31. The allegations are denied.

32. The allegations are denied.

33. The allegations are denied.

34. The allegations are denied.

35. The allegations are denied.

36. The allegations are denied.

37. The allegations are denied.

38. It is admitted that County employees contacted decedent's family. The

1 remaining allegations are denied.

2     39. The allegations are denied.

3     40. It is admitted that decedent was pronounced dead. The remaining allegations
4 are denied for lack of information and belief.

5     41. The allegations are denied.

6     42. The allegations are denied.

7     43. The allegations are denied.

8     44. The allegations are denied.

9     45. The allegations are denied.

10 *Allegations relating to custom, pattern and/or practices*

11     46. The allegations are denied.

12     47. It is admitted that the Gray lawsuit was filed and settled. The remaining
13 allegations are denied.

14     48. It is admitted that the Gray lawsuit was filed and settled. The remaining
15 allegations are denied.

16     49. The allegations are denied.

17     50. The allegations are denied.

18     51. The allegations are denied.

19     52. The allegations are denied.

20 *First claim*

21     53. This paragraph incorporates other paragraphs by reference. The responses
22 thereto are incorporated by reference.

23     54. The allegations are denied.

24     55. This paragraph makes legal contentions. It is admitted that decedent was a
25 pretrial detainee. Any other intended factual allegations are denied.

26     56. The allegations are denied.

27     57. It is admitted that the named defendants acted under color of law during
28 their contacts with decedent. Allegations about unidentified people are denied for lack

5

of information and belief.

58. The allegations are denied.
59. The allegations are denied.
60. The allegations are denied.
61. The allegations are denied.
62. The allegations are denied.
63. The allegations are denied.
64. The allegations are denied.
65. The allegations are denied.
66. The allegations are denied.

*Second claim*

67. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.
68. The allegations are denied
69. The allegations are denied
70. The allegations are denied
71. The allegations are denied
72. The allegations are denied
73. The allegations are denied
74. The allegations are denied
75. The allegations are denied

*Third claim*

76. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.
77. The allegations are denied
78. The allegations are denied
79. The allegations are denied
80. The allegations are denied

81. The allegations are denied
82. The allegations are denied
83. The allegations are denied

*Fourth claim*

84. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.
85. The allegations are denied
86. The allegations are denied
87. The allegations are denied
88. The allegations are denied
89. The allegations are denied
90. The allegations are denied
91. The allegations are denied
92. The allegations are denied
93. The allegations are denied
94. The allegations are denied
95. The allegations are denied
96. The allegations are denied
97. The allegations are denied

*Fifth claim*

98. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.
99. The allegations are denied
100. The allegations are denied
101. The allegations are denied
102. The allegations are denied
103. The allegations are denied
104. The allegations are denied

105. The allegations are denied

106. The allegations are denied

107. The allegations are denied

*Sixth claim*

108. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

109. The allegations are denied.

110. The allegations are denied.

111. The allegations are denied.

112. The allegations are denied.

113. The allegations are denied.

114. The allegations are denied.

115. The allegations are denied.

116. The allegations are denied.

*Seventh claim*

117. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

118. The allegations are denied.

119. The allegations are denied.

120. The allegations are denied.

121. The allegations are denied.

122. The allegations are denied.

123. The allegations are denied.

124. The allegations are denied.

125. The allegations are denied.

*Eighth claim*

126. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

127. This paragraph makes legal contentions. Any intended factual contentions are denied.

128. This paragraph makes legal contentions. Any intended factual contentions are denied.

129. It is admitted that the specified employee act in the course and scope of their employment during working hours for the County of Riverside. It is denied that they act in the course and scope of their employment 24 hours a day.

130. This paragraph makes legal contentions. Any intended factual contentions are denied.

131. This paragraph makes legal contentions. Any intended factual contentions are denied.

132. This paragraph makes legal contentions. Any intended factual contentions are denied.

133. It is admitted that the specified employee act in the course and scope of their employment during working hours for the County of Riverside. It is denied that they act in the course and scope of their employment 24 hours a day.

134. This paragraph makes legal contentions. Any intended factual contentions are denied.

135. The allegations are denied.

136. The allegations are denied.

137. The allegations are denied.

138. The allegations are denied.

139. The allegations are denied.

140. The allegations are denied.

*Ninth claim*

141. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

142. It is admitted that Damien Miranda touched decedent. Allegations about

1 his intent are denied for lack of information and belief.

2     143. It is admitted that the altercation between decedent and Miranda caused harm to decedent. It is denied for lack of information and belief whether the altercation was the direct cause of death.

    144. The allegations are denied for lack of information and belief.

    145. It is admitted that the altercation between decedent and Miranda caused harm to decedent. It is denied for lack of information and belief whether the altercation was the direct cause of death. Allegations concerning claimed damages are denied.

    146. It is admitted that the altercation between decedent and Miranda caused harm to decedent. It is denied for lack of information and belief whether the altercation was the direct cause of death.

    147. The allegations are denied for lack of information and belief.

## AFFIRMATIVE DEFENSES

These answering defendants assert the following defenses:

1. (Qualified immunity) Defendants are entitled to qualified immunity because either (a) the law was not clearly established or (b) a reasonable deputy or nurse familiar with the law could believe that defendants did not violate the federal Constitution.

2. (Comparative negligence - defense to state law claim) Plaintiffs' injuries and damages were caused in whole or in part by decedent's own actions, by the actions of inmate Miranda, and by the actions of others.

3. (State law immunities - state law claim) Defendants are immune pursuant to Government Code § 820.2, 820.8, 845.2, 845.6, 855.6, 855.8, and 856.

4. (State law defense) Defendants assert the provisions of Civil Code § 1431.2.

**PRAYER**

Wherefore defendants pray for the following:

1. Judgment in favor of defendants and against plaintiffs.
2. Costs of suit and reasonable attorney's fees.
3. Such other and further relief as the court may deem proper.

DATED: March 28, 2018                ARIAS AND LOCKWOOD

_____/s/_____
Christopher D. Lockwood
Attorneys for defendants County of Riverside, Sheriff Stanley Sniff, Gerry Gutierrez, David Kondrit, Sgt. Magana, Kevin Caverley, Corporal A. Belton, Deputy D. Cloyd, Deputy Robert LaCrue

**DEMAND FOR TRIAL BY JURY**

Defendants demand trial by jury.

DATED: March 28, 2018                ARIAS AND LOCKWOOD

_____/s/_____
Christopher D. Lockwood
Attorneys for defendants County of Riverside, Sheriff Stanley Sniff, Gerry Gutierrez, David Kondrit, Sgt. Magana, Kevin Caverley, Corporal A. Belton, Deputy D. Cloyd, Deputy Robert LaCrue