Douglas C. Smith, Esq. (State Bar No.160013)
dsmith@smitlaw.com
SMITH LAW OFFICES, LLP
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorneys for Defendants
STEVEN SANTOS and MIKE ZAWODNY (erroneously sued herein as MIKE ZAWADNEY)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ALICIA SEPULVEDA, individually and as Successor-in-Interest to the Estate of Pedro Sepulveda (Deceased); RAFAEL SEPULVEDA, individually and as Successor-in-Interest to the Estate of Pedro Sepulveda; ANGELINA ALCARAZ; VERONICA SEPULVEDA; JUAN J. SEPULVEDA; RAFAEL SEPULVEDA, JR.; MARIA DOLORES SEPULVEDA; JESUS SEPULVEDA; BLANCA SEPULVEDA,

Plaintiffs,

vs.

COUNTY OF RIVERSIDE; STANLEY SNIFF, Sheriff of Riverside County; JERRY GUTIERREZ, Corrections Assistant Sheriff; DAVID KONDRIT, Captain; SERGEANT MAGANA, Correctional Sergeant; KEVIN CAVERLEY, Deputy; Corporal A. BELTON, Correctional Corporal; D. CLOYD, Deputy; ROBERT LACRUE, Deputy; STEVEN SANTOS, Nurse; MIKE ZWADNEY, Nurse; DAMIEN MIRANDA; and DOES 1-100,

Defendants.

CASE NO.: 5:18-CV-00230-MWF(KKx)

**DEFENDANTS STEVEN SANTOS AND MIKE ZAWODNY'S ANSWER TO PLAINTIFFS' COMPLAINT**

**[DEMAND FOR JURY TRIAL]**

*Complaint filed 1/31/2018*
*First Amended Complaint 3/12/18*

///

COME NOW, Defendants STEVEN SANTOS and MIKE ZAWODNY (erroneously sued herein as MIKE ZAWADNEY) and answer Plaintiffs' Complaint ("Complaint") herein as follows:

**PRELIMINARY STATEMENT**

1. It is admitted that decedent is dead. The remaining allegations are denied.

**JURISDICTION**

2. Federal jurisdiction is admitted. It is denied that there was any wrongful death or other wrongful conduct.

**VENUE**

3. Venue is admitted. It is denied that there was any wrongful conduct.

**CLAIMS REQUIREMENT**

4. It is admitted that plaintiffs filed a claim for damages.

**SUCCESSOR IN INTEREST AFFIDAVIT FILED**

5. It is admitted that a successor in interest affidavit was filed, though it is denied it was filed concurrently with the first amended complaint.

6. It is admitted that a successor in interest affidavit was filed, though it is denied it was filed concurrently with the first amended complaint.

7. The allegations are denied for lack of information and belief.

**PARTIES**

8. The allegations are denied for lack of information and belief.

9. The allegations are denied for lack of information and belief.

10. The allegations are denied for lack of information and belief.

11. This paragraph largely makes legal contentions. It is admitted that the County of Riverside is a county, and is admitted that one department of the County of Riverside is the Sheriff's Department. It is admitted that the Sheriff's Department administers the Larry D. Smith Correctional Center, and that it has policies and practices to do so. The remaining allegations are denied.

12. This paragraph largely makes legal contentions. It is admitted that Sheriff Sniff is the Sheriff for the County of Riverside and that duties of a sheriff include jails. The remaining allegations are denied.

13. It is admitted that Jerry Gutierrez is an Assistant Sheriff for the County of Riverside. The remaining allegations are denied for lack of information and belief.

14. The allegations are denied for lack of information and belief.

15. This paragraph largely makes legal contentions. It is admitted that Sgt. Magana was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

16. This paragraph largely makes legal contentions. It is admitted that Deputy Kevin Caverley was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

17. This paragraph largely makes legal contentions. It is admitted that Corporal A. Belton was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

18. This paragraph largely makes legal contentions. It is admitted that Deputy D. Cloyd was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

19. This paragraph largely makes legal contentions. It is admitted that Deputy Robert LaCrue was an employee of the Riverside County Sheriff's Department. The remaining allegations are denied.

20. This paragraph largely makes legal contentions. It is admitted that Steven Santos was and is an employee of the County of Riverside. The remaining allegations are denied.

21. This paragraph largely makes legal contentions. It is admitted that Michael Zawodny was and is an employee of the County of Riverside. The remaining allegations are denied.

22. It is admitted that Damien Miranda was an inmate at the Larry D. Smith Correctional Center. Allegations about his residence outside of jail are denied for lack of information and belief.

23. Allegations about unidentified people are denied for lack of information and belief.

24. Allegations about unidentified people are denied for lack of information and belief.

25. Allegations about unidentified people are denied for lack of information and belief.

## STATEMENT OF FACTS

26. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

27. The allegations are admitted.

28. The allegations are denied.

29. The allegations are denied for lack of information and belief.

30. The allegations are denied.

31. The allegations are denied.

32. The allegations are denied.

33. The allegations are denied.

34. The allegations are denied.

35. The allegations are denied.

36. The allegations are denied.

37. The allegations are denied.

38. The allegations are denied for lack of information and belief.

39. The allegations are denied for lack of information and belief.

40. It is admitted that decedent was pronounced dead. The remaining allegations are denied for lack of information and belief.

///

41. Defendants admit that Plaintiffs make these allegations but the allegations are denied.

42. Defendants admit that Plaintiffs make these allegations but the allegations are denied.

43. Defendants admit that Plaintiffs make these allegations but the allegations are denied.

44. Defendants admit that Plaintiffs make these allegations but the allegations are denied.

45. Defendants admit that Plaintiffs make these allegations but the allegations are denied.

**ALLEGATIONS RELATING TO CUSTOM, PATTERN, AND/OR PRACTICES**

46. Defendants admit that Plaintiffs make these allegations but the allegations are denied.

47. The allegations are denied for lack of information and belief.

48. The allegations are denied for lack of information and belief.

49. The allegations are denied.

50. The allegations are denied.

51. The allegations are denied.

52. The allegations are denied.

**FIRST CLAIM**

53. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

54. The allegations are denied.

55. This paragraph makes legal contentions. It is admitted that decedent was a pretrial detainee. Any other intended factual allegations are denied.

56. The allegations are denied.

///

57. It is admitted that the named defendants acted under color of law during their contacts with decedent. Allegations about unidentified people are denied for lack of information and belief.

58. The allegations are denied.

59. The allegations are denied.

60. The allegations are denied.

61. The allegations are denied.

62. The allegations are denied.

63. The allegations are denied.

64. The allegations are denied.

65. The allegations are denied.

66. The allegations are denied.

## SECOND CLAIM

67. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

68. The allegations are denied.

69. The allegations are denied.

70. The allegations are denied.

71. The allegations are denied.

72. The allegations are denied.

73. The allegations are denied.

74. The allegations are denied.

75. The allegations are denied.

## THIRD CLAIM

76. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

77. The allegations are denied.

78. The allegations are denied.

79. The allegations are denied.

80. The allegations are denied.

81. The allegations are denied.

82. The allegations are denied.

83. The allegations are denied.

**FOURTH CLAIM**

84-97. This claim and these paragraphs do not apply to these Defendants so no response is required.

**FIFTH CLAIM**

98-107. This claim and these paragraphs do not apply to these Defendants so no response is required.

**SIXTH CLAIM**

108-116. This claim and these paragraphs do not apply to these Defendants so no response is required.

**SEVENTH CLAIM**

117-125. This claim and these paragraphs do not apply to these Defendants so no response is required.

**EIGHTH CLAIM**

126. This paragraph incorporates other paragraphs by reference. The responses thereto are incorporated by reference.

127. This paragraph makes legal contentions. Any intended factual contentions are denied.

128. This paragraph makes legal contentions. Any intended factual contentions are denied.

129. It is admitted that the specified employee act in the course and scope of their employment during working hours for the County of Riverside. It is denied that they act in the course and scope of their employment 24 hours a day.

///

130. This paragraph makes legal contentions. Any intended factual contentions are denied.

131. This paragraph makes legal contentions. Any intended factual contentions are denied.

132. This paragraph makes legal contentions. Any intended factual contentions are denied.

133. It is admitted that the specified employee act in the course and scope of their employment during working hours for the County of Riverside. It is denied that they act in the course and scope of their employment 24 hours a day.

134. This paragraph makes legal contentions. Any intended factual contentions are denied.

135. The allegations are denied.

136. The allegations are denied.

137. The allegations are denied.

138. The allegations are denied.

139. The allegations are denied.

140. The allegations are denied.

## NINTH CLAIM

141-147. This claim and these paragraphs do not apply to these Defendants so no response is required.

## FIRST AFFIRMATIVE DEFENSE - CONTRIBUTORY/COMPARATIVE NEGLIGENCE

148. Any and all events, happenings, injuries, losses, damages and expenditures referred to in the complaint were directly and proximately caused and contributed to by the carelessness and negligence of decedent, by the actions of Miranda, or by others.

///

///

**SECOND AFFIRMATIVE DEFENSE -**

**ASSUMPTION OF RISK**

149. Each answering defendant submits that decedent was aware of certain dangers and risks that were apparent; the decedent knowingly and voluntarily and expressly or impliedly assumed and exposed himself to said known risks, including, but not limited to the risk of suffering personal bodily injury, which proximately caused and contributed to the damages and injuries, if any, referred to in said complaint, and thereby plaintiffs should be barred from recovery.

**THIRD AFFIRMATIVE DEFENSE -**

**STATE LAW IMMUNITIES**

150. Each answering defendant is immune from liability with respect to any and all state claims under the following provisions of the Government Code: §820.2, 820.8, 845.2, 845.6, 855.6, 855.8, and 856.

**FOURTH AFFIRMATIVE DEFENSE - CIVIL CODE §1431.2**

151. Each answering defendant asserts Civil Code §1431.2

**FIFTH AFFIRMATIVE DEFENSE -**

**QUALIFIED IMMUNITY**

152. The answering parties are entitled to qualified immunity either because the law was not clearly established or a reasonable person familiar with the law could have believed they were not violating the U.S. Constitution.

WHEREFORE, each answering Defendant prays for the following:

(1) That judgment be entered in favor of each Defendant;

(2) Costs of suit and reasonable attorneys fees; and

///

///

///

///

///

(3) Such other and further relief as this court deems just and proper.

DATED: April 9, 2018

SMITH LAW OFFICES, LLP

By ____________________
Douglas C. Smith
Attorneys for Defendants STEVEN SANTOS and MIKE ZAWODNY (erroneously sued herein as MIKE ZAWADNEY)

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as to all the issues framed by the pleading pursuant to *Federal Rule Civil Procedure* 38(b) and Local Rule 38-1.

DATED: April 9, 2018

SMITH LAW OFFICES, LLP

By ____________________
Douglas C. Smith
Attorneys for Defendants
Douglas C. Smith
Attorneys for Defendants
STEVEN SANTOS and MIKE ZAWODNY (erroneously sued herein as MIKE ZAWADNEY)